IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Moore, | ) |
|                         Plaintiff, | ) C/A No. 6:09-3347-MBS ) |
| vs. | ) **O R D E R** ) |
| Phillip Thompson (Sheriff), | ) ) |
|                         Defendant. | ) ) |

At the time of the underlying complaint, Plaintiff Eric Moore was a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina. Plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on December 30, 2009, alleging that he has been subjected to unconditional conditions of confinement.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. On March 15, 2010, Defendant filed a motion for summary judgment. On March 16, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff did not respond to the motion for summary judgment. By order filed April 27, 2010, the Magistrate Judge granted Plaintiff until May 21, 2010 to respond to Defendant's motion for summary judgment. Plaintiff specifically was advised that the case would be subject to dismissal for failure to prosecute if he failed to respond. See Fed. R. Civ. P. 41(b). Plaintiff filed no response to the Magistrate Judge's order.

On June 1, 2010, the within action was reassigned to United States Magistrate Judge Kevin F. McDonald. On June 8, 2010, the Magistrate Judge issued a Report of Magistrate Judge in which

he recommended that the within action be dismissed for failure to prosecute. Plaintiff filed no objection to the Report of Magistrate Judge.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and adopts the Report of Magistrate Judge. Plaintiff's complaint is dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 12, 2010

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**